UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**KENNETH GOMEZ et al.,**          )
                                   )
    **Plaintiffs,**            )
                                   )
    v.                         )    Civil Action No. 09-2010 (RWR)
                                   )
**ROBERT ARAGON et al.,**          )
                                   )
    **Defendants.**            )
_____)

## MEMORANDUM OPINION AND ORDER

Pro se plaintiffs Kenneth and Lynette Gomez and pro se plaintiff-intervenor Richard Tast bring claims for damages and injunctive relief against six named and five unnamed New Mexico citizens, alleging that the defendants are "engaged in an insurrection against" the constitutions of the state of New Mexico and the United States because the defendants are discharging their duties as state and federal officials without a penal bond, which the plaintiffs assert that the New Mexico state constitution and federal law require.[1]  The named defendants have

---

[1] The plaintiffs have also filed a motion for a preliminary injunction under Federal Rule of Civil Procedure 65(a).  To obtain preliminary injunctive relief, the moving party must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  Because the plaintiffs do not address, yet alone make a sufficient showing on, any of these factors, their motion will be denied.

moved to dismiss the complaint.[2] Because the plaintiffs have made no showing that this Court has personal jurisdiction over any of the named defendants, their motions to dismiss will be granted.[3]

"It is plaintiff's burden to make a *prima facie* showing that the Court has personal jurisdiction over the defendants." Ballard v. Holinka, 601 F. Supp. 2d 110, 117 (D.D.C. 2009); see also First Chicago Int'l v. United Exch. Co., Ltd., 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). A plaintiff must plead specific facts providing a basis for personal jurisdiction. Moore v.

---

[2] Defendant F. Douglas Moeller also moves for the imposition of sanctions under Federal Rule of Civil Procedure 11(c). Although such sanctions may be imposed against pro se plaintiffs, see Hamrick v. Gottlieb, 416 F. Supp. 2d 1, 4 n.3 (D.D.C. 2005), "the district court is accorded wide discretion" in determining whether sanctions are appropriate. Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C. Cir. 1985). Moeller has not established that the plaintiffs are presenting their claims for "any improper purpose[,]" nor has he shown that their pro se legal claims are sufficiently frivolous to warrant sanctions. See Fed. R. Civ. P. 11(b)(1).

[3] Defendants Robert Aragon, Sandra Price, Daniel A. Sanchez, and Rebecca Vigil-Giron have moved for a protective order staying non-jurisdictional discovery, defendant Moeller has moved for a protective order staying discovery, and defendant Richardson has moved to hold in abeyance his response deadline to plaintiffs' motion for a declaratory judgment. These motions all will be denied as moot.

The plaintiffs have filed a motion for leave to file a surreply to defendant Richardson's reply. The motion will be denied. The plaintiffs also have filed a motion for a court order regarding certain New Mexico Statutes. The motion will be denied without prejudice to the plaintiffs refiling it after they serve all unnamed defendants.

Motz, 437 F. Supp. 2d 88, 91 (D.D.C. 2006). Pro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims. See Briggs v. State Dep't Fed. Credit Union, Civil Action No. 05-1344 (GK), 2006 WL 1444009, at *2 (May 25, 2006).

"A District of Columbia court may exercise personal jurisdiction over a person domiciled in . . . or maintaining his . . . principal place of business in[] the District of Columbia as to any claim for relief." D.C. Code § 13-422. If the plaintiff does not plead that a District of Columbia court has personal jurisdiction over a defendant based on his domicile or place of business, a court engages in a two-part inquiry to determine if it has personal jurisdiction over the defendants. First, a court must determine whether there is a basis for personal jurisdiction under the District of Columbia's long-arm statute. See GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). The District of Columbia long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in:

> (1) transacting business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in

>any other persistent course of conduct, or derives
>substantial revenue from goods used or consumed, or
>services rendered, in the District of Columbia[.]

D.C. Code § 13-423(a).[4]  Second, a court must determine whether the exercise of personal jurisdiction would comport with the requirements of due process.  See GTE New Media Servs., Inc., 199 F.3d at 1347.  This portion of the analysis turns on whether a defendant's "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  These minimum contacts must arise from "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws."  Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).  In other words, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The plaintiffs have not pled an adequate basis for asserting personal jurisdiction over any of the named defendants.  There is

---

[4] The alternative bases set forth under the long-arm statute are inapplicable.

no personal jurisdiction over the defendants in the District of Columbia based on their domicile, as they are all "citizens of the State of New Mexico." (Compl. at 1.) There is also no allegation in the complaint that the District of Columbia is the principal place of business of any of the defendants. Moreover, the plaintiffs have not pled an adequate basis to assert specific personal jurisdiction over the named defendants under the District of Columbia long-arm statute. There is no allegation in the complaint that any of the acts constituting the "insurrection" occurred anywhere other than in New Mexico. The plaintiffs do not claim that the insurrection arose from the defendants' conduct in transacting business or contracting to supply services in the District of Columbia, nor do they claim the existence of a tortious injury in the District of Columbia. Instead, the plaintiffs assert that jurisdiction is proper "in the District of Columbia in the interest of justice because no other court of law is available to the Plaintiffs[.]" (Id. ¶ 2.) This allegation is insufficient to provide any basis to assert personal jurisdiction over the defendants.

Thus, under even a liberal construction of their pro se complaint, see Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), the plaintiffs have not alleged an adequate basis for asserting personal jurisdiction over the defendants, and the

defendants' motions to dismiss will be granted.  Accordingly, it is hereby

ORDERED that defendants' motions [18, 24] to dismiss be, and hereby are, GRANTED.  It is further

ORDERED that defendant Moeller's motion [19] to dismiss and for sanctions be, and hereby is, GRANTED with respect to the motion to dismiss and DENIED with respect to the motion for sanctions.  It is further

ORDERED that defendants' motions [25, 39] for protective orders be, and hereby are, DENIED as moot.  It is further

ORDERED that plaintiffs' motion [37] for a court order regarding certain New Mexico Statutes be, and hereby is, DENIED without prejudice to refiling it after all unnamed defendants have been served.  It is further

ORDERED that defendant Richardson's motion [40] to hold in abeyance the plaintiff's motion for a court order regarding certain New Mexico Statutes be, and hereby is, DENIED as moot.  It is further

ORDERED that plaintiffs' motion [45] for leave to file a surreply and motion [48] for a preliminary injunction be, and hereby are, DENIED.

SIGNED this 15th day of April, 2010.


                          _____/s/_____
                          RICHARD W. ROBERTS
                          United States District Judge